**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Gail L. Rush-Shaw,<br><br>             Plaintiff,<br><br>      vs.<br><br>USF Reddaway, Inc., a corporation,<br><br>             Defendant. | No. CV 12-0941-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Defendant's Motion for Summary Judgment on Plaintiff's Title VII claim (the "Motion") (Doc. 21), Plaintiff's Response to Defendant's Motion for Summary Judgment and Cross-Motion for Separate Bench Trial (the "Cross-Motion") (Doc. 24), and Defendant's Reply in Support of Motion for Summary Judgment and Response to Plaintiff's Cross-Motion. (Doc. 33). For the reasons set forth below, Defendant's Motion for Summary Judgment is denied and Plaintiff's Cross-Motion is also denied.

## I.   BACKGROUND

Plaintiff Gail Rush-Shaw worked for Defendant USF Reddaway, Inc. as the Terminal Manager of Reddaway's Phoenix trucking terminal until Reddaway terminated Plaintiff on March 25, 2011. (Doc. 21 at 2). On April 7, 2011, Plaintiff contacted the U.S. Equal Employment Opportunity Commission ("EEOC") to obtain information regarding her right to file a discrimination suit. (*Id.*). Plaintiff asserts that during that telephone call, the EEOC representative told her she had 360 days to file a claim for discrimination. (*Id.*). For purposes of this motion, Defendant does not dispute Plaintiff's claim that she was told

by the EEOC that she had 360 days to file her claim. (Doc. 33 at 6). It is uncontroverted that under the law Plaintiff had until January 19, 2012, or 300 days from the last discriminatory act, to file a charge of discrimination. (Doc. 24 at 2). The parties do not dispute that Plaintiff's 300 days began on March 25, 2011, the date Plaintiff was terminated. (Doc. 24 at 3). It is further undisputed that Plaintiff did not file her charge of discrimination with the EEOC within the 300 day time limit. (*Id.* at 3).

On or around February 12, 2012, 313 days after the date Plaintiff was terminated, Plaintiff visited the EEOC's website and located and printed a copy of the EEOC's Intake Questionnaire. (Doc. 22 at ¶ 21).

On February 14, 2012, Plaintiff sent a six-page fax to the EEOC which contained a transmittal form, a cover letter to the EEOC written by Plaintiff, and a copy of the Intake Questionnaire filled out and signed by Plaintiff. (Doc. 22 at ¶ 26). In the cover letter, Plaintiff stated that she desired "to speak with an individual regarding possible gender discrimination" arising from her termination of employment with Defendant. (*Id.* at ¶ 28). It is undisputed that Plaintiff did not have contact with anyone at the EEOC between the telephone call on April 7, 2011 and her fax on February 14, 2012. (*Id.* at ¶ 27).

On or around February 29, 2012, Plaintiff received a telephone message from an EEOC representative. (Plaintiff's Depo. at p. 62:3-63:54). On March 1, 2012, Plaintiff contacted the EEOC to set up an interview for March 2, 2012. (*Id.* at 63:9-63:18). On March 2, 2012, Plaintiff spoke with an EEOC representative over the phone for about an hour. (*Id.* at 63:19-64:17). During this telephone call, the EEOC representative informed Plaintiff that it would not be conducting an investigation into Plaintiff's charge because it was "outside their justidiction" but the EEOC would issue Plaintiff a right to sue letter. (*Id.* at 65:14-66:9). A few days after the March 2, 2012 telephone call, Plaintiff received the draft charge of discrimination and telephoned the EEOC a third time to make a correction on the draft. (*Id.* at 42:1-6).

1    On March 8, 2012, Plaintiff filed charge of discrimination with the EEOC. (Doc. 24 at 3; Plaintiff's Depo. at p. 74:20-75:5). Plaintiff indicated on the charge that the latest date discrimination took place was on March 25, 2011. (Doc. 22 at ¶ 39).

On March 27, 2012 the EEOC issued a Dismissal and Notice of Right to Sue on Plaintiff's charge because her charge was "not timely filed with the EEOC." (Doc. 22 at ¶ 40). Approximately one week after receiving this notice, Plaintiff sought and retained counsel. (*Id.* at ¶ 42).

On May 3, 2012, Plaintiff filed a complaint with this Court seeking equitable relief and money damages for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended. (Doc. 1). Defendant now moves for summary judgment on Plaintiff's claim arguing Plaintiff's claim is time barred because it is undisputed that she filed her charge with the EEOC after the 300 day time limit. (Doc. 21 at 1). Defendant further argues that no equitable exception applies. (*Id.*) Plaintiff's response, in addition to arguing Summary Judgment is inappropriate, moves for a Bench Trial on the equitable tolling issue.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1)(A)&(B).  Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. ANALYSIS

Defendant argues that Plaintiff's claim is time-barred because she failed to file her Charge of Discrimination with the EEOC within the 300-day limit, and Plaintiff's claim is not entitled to equitable tolling. (Doc. 21 at 1). For purposes of the Motion for Summary Judgment, Defendant does not dispute Plaintiff's claim that she was misinformed by the EEOC. (Doc. 33 at 6). Rather, Defendant argues that Plaintiff cannot meet her burden of showing that she exercised "all due diligence" in pursuing her legal rights, and therefore equitable tolling does not apply to save Plaintiff's claim. (*Id.*). In response, Plaintiff argues that the Court should deny Defendant's Motion for Summary Judgment because there is a genuine issue of material fact as to whether Plaintiff is entitled to equitable tolling. (Doc. 24 at 1). Plaintiff also moves for a separate Bench Trial on the issue of equitable tolling. (*Id.*).

### A. Equitable Tolling

Before a plaintiff may bring an Title VII suit in federal court, the plaintiff must first exhaust his or her administrative remedies by filing a timely charge with the EEOC. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1054 (9th Cir. 2005). In Arizona, a "deferral" state, a plaintiff must file his or her charge with the EEOC no later than 300 days after the last date of discrimination. 42 U.S.C. § 2003e-5(e); *see Lewis v. Arizona,* CV 10-2387-PHX-JAT, 2011 WL 3665367, at *6 (D. Ariz. Aug. 22, 2011) (dismissing plaintiff's claim because plaintiff failed to file her charge with the EEOC within 300 days). However, the 300-day filing deadline is "an administrative requirement that, like the statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Santa Maria v. Pac. Bell*, 202 F.3d 1170,1176 (9th Cir. 2000) (internal citations omitted); *see Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) ("We have made it previously clear that a nonjurisdictional federal statute of limitations is normally subject to a rebuttable presumption in favor of equitable tolling."). Equitable tolling may be available to a plaintiff who:

> (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or

4

>misrepresentation of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time.

*Josephs*, 443 F.3d at 1054.

As discussed above, the parties do not dispute that Plaintiff was required to file her charge with the EEOC within 300 days and failed to do so. (Doc. 24 at 3). Further, for purposes of this motion, Defendant does not dispute that the Plaintiff was misinformed by the EEOC and told she had 360 days to file her claim with the EEOC. (Doc. 33 at 6). Rather, Defendant argues that: (1) equitable tolling does not apply in this case because EEOC's misstatements cannot be attributed to Defendant, and (2) Plaintiff is not entitled to equitable tolling because Plaintiff cannot meet her burden that she exercised "all due diligence" in pursing her claim. (Doc. 21 at 8; Doc. 33 at 6).[1]

### 1.  Equitable Tolling Applies in this Case

As an initial matter, Defendant argues that equitable tolling does not apply in this case because Defendant never misled Plaintiff about her rights and EEOC's misleading statement cannot be attributed to Defendant. (Doc. 21 at 8). To support this argument, Defendant cites a case from the Second Circuit Court of Appeals. (*Id.*). Specifically, Defendant cites *Vernon v. Cassadaga Valley Central School District*, 49 F.3d 886, 891 (2d Cir. 1995), to argue it is 'questionable' whether acts of the EEOC can trigger equitable tolling in a case where the federal government is not a party. (Doc. 21 at 8). However, in *Vernon*, the court did not explicitly hold that equitable tolling *cannot* be used in cases

---

[1] The Court notes that Defendant argues in its Motion that "Plaintiff cannot offer any evidence (other than her own self-serving testimony) to support her allegations that the EEOC misinformed her" and absent any corroborating evidence equitable tolling is unavailable to Plaintiff. (Doc 21 at 10-11). However, Defendant explicitly states that for purposes of this motion Defendant does not dispute Plaintiff's testimony that she was misinformed by the EEOC. (Doc. 33 at 6). Defendant cannot base its motion for summary judgment on the premise that it does not dispute Plaintiff's testimony, and nonetheless argue that its motion should be granted because Plaintiff's testimony is an "unsupported allegation." (Doc. 21 at 10).

between non-government parties, but rather equitable tolling in cases involving non-government parties is generally more difficult to prove. 49 F.3d at 891.

Additionally, the Ninth Circuit has explicitly stated that equitable tolling may be available when "an EEOC representative misleads the plaintiff concerning his claim. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 901-02 (9th Cir. 2001)." *Josephs*, 443 F.3d at 1054. As a result, this Court holds that Plaintiff may be entitled to equitable tolling notwithstanding the fact that the EEOC is not a party to this case.

### 2. Due Dilligence (First Requirement under *Josephs*)

Defendant argues that because Plaintiff took no action between the telephone call on April 7, 2011, when Plaintiff was misinformed she had 360 days to file her claim, and Plaintiff's fax to the EEOC on February 14, 2012, Plaintiff has failed to show she exercised "all due diligence" in preserving her legal rights. (Doc. 21 at 9). In response, Plaintiff states it is uncontroverted that Plaintiff filed her charge with the EEOC within the 360 days she believed to be the time limit, and as a result is entitled to equitable tolling. (Doc. 24 at 3).

Defendant relies on *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) which holds that "one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence." (Doc. 33 at 3). However, in *Baldwin*, the plaintiff was told three separate times what she needed to do to preserve her claim, yet plaintiff failed to do so. 466 U.S. at 151. The plaintiff in *Baldwin* was not misled or given incorrect information, but instead simply did not file her claim within the time frame explicitly stated by the District Court. *Id.* at 148. In contrast, in the present case, Plaintiff filed her claim within what she believed was the correct time frame based on her telephone call with the EEOC. Additionally, Plaintiff retained counsel within one week of receiving a Dismissal and Notice of Right to Sue from the EEOC based on the notice. (Doc. 22 at ¶ 42).

As Defendant notes, the Supreme Court has previously held that a parties' lack of diligence may prohibit equitable remedies. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)

(finding petitioner did not exercise due diligence because he waited almost ten years without any valid justification to assert his claims). (Doc. 21 at 9). However, the Supreme Court has also acknowledged the need for courts of equity recognize the "flexiblility inherent in equitable procedure[s]" which allows "courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Holland*, 130 S.Ct. at 2563.

### 3. Other *Josephs* Factors

As indicated above, *Josephs'* requires three other factors for equitable tolling to apply. 443 F.3d at 1054. In addition to showing due diligence, a plaintiff must show that he or she was misinformed or misled by the administrative agency responsible for processing his or her charge, plaintiff relied in fact on the misinformation of that agency, and plaintiff was acting pro se at the time. Defendant has not disputed that Plaintiff has satisfied these three factors in this case. Accordingly, because the Court has found Plaintiff satisfies the first factor of due diligence and because the additional three factors are not in dispute, the Court finds Plaintiff has satisfied all four factors under the *Josephs* test. Considering the facts undisputed for purposes of this Order, the Court finds Plaintiff's filing qualifies for equitable tolling and is not time-barred. Thus, Defendant's Motion for Summary Judgment is denied.

### B. Plaintiff's Cross-Motion for a Bench Trial

In her response, Plaintiff moves to bifurcate this action and hold a separate bench trial on the issue of equitable tolling. (Doc. 24 at 8). Having taken Plaintiff's facts as true, which Defendant did not dispute for purposes of Defendant's Motion for Summary Judgment (Doc. 33 at 6), the Court has found that Plaintiff is entitled to equitable tolling. Because the Court has held that on this undisputed record Plaintiff is entitled to equitable tolling, the Court need not conduct a bench trial on this issue. In other words, the Court finds that Plaintiff's request for an expedited bench trial for her to affirmatively prove that she is within the statute of limitations would amount to an advisory opinion at this time because Defendant is not currently disputing any facts, and this Court has concluded on

1  the undisputed facts that Plaintiff is entitled to equitable tolling. Thus, Plaintiff's motion
2  for bench trial will be denied as moot without prejudice.
3     If Defendant again seeks to raise a statute of limitations defense by disputing the
4  facts that the Court has taken as true for purposes of this Order, Defendant may raise such
5  issue at the time of trial, and shall include briefing on whether Defenant argues that statute
6  of limitations issues, and equitable tolling, are to be either: 1) decided by the Court
7  (following either an evidentiary hearing or a bench trial), 2) decided by the Court after
8  sending special interrogatories to the jury on the disputed facts, or 3) decided by the jury.
9  However, Defendant later claiming a disputed issue of fact is not any opportunity for
10 Defendant to seek reconsideration of the Court's ruling in this Order that accepting
11 Plaintiff's statements as true, Plaintiff is entitled to equitable tolling.

## III.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 21) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for a Bench Trial (Doc. 24) is denied as moot.

Dated this 9th day of July, 2013.

James A. Teilborg
Senior United States District Judge